AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Ohio

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Gregory Moore | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:18cr128-11<br>USM Number: 77873-061<br><br>Ravert J. Clark, Esq.<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846, 841(a)(1)<br>and (b)(1)(B) and 846 | Conspiracy to Possess with Intent to Distribute and to<br>Distribute a Mixture or Substance Containing a Detectable<br>Amount of Marijuana | 9/17/2018 | 1 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)     2, 3 and 4          ☐ is     ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/8/2022
Date of Imposition of Judgment

_Michael R. Barrett_
Signature of Judge

Michael R. Barrett, United States District Judge
Name and Title of Judge

_March 14, 2022_
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | Judgment — Page | 2 | of | 7 |

DEFENDANT:   Gregory Moore
CASE NUMBER:   1:18cr128-11

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Count 1:  Seventy-five (75) months.

☑ The court makes the following recommendations to the Bureau of Prisons:
   The defendant be placed at BOP facility closest to Cincinnati, Ohio;
   The defendant be permitted to participate in BOP mental health program;
   The defendant be permitted to participate in BOP substance abuse program;
   The defendant be permitted to participate in BOP vocational training.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____  ☐ a.m.  ☐ p.m.  on  _____ .

   ☑  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on  _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    7

DEFENDANT:  Gregory Moore
CASE NUMBER:  1:18cr128-11

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Count 1:  six (6) years with terms and conditions.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 4 | of | 7 |

DEFENDANT: Gregory Moore
CASE NUMBER: 1:18cr128-11

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page   5   of   7

DEFENDANT:   Gregory Moore
CASE NUMBER:   1:18cr128-11

## ADDITIONAL SUPERVISED RELEASE TERMS

1.) The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information.

2.) The defendant shall participate in vocational training, unless the defendant is employed on a full-time basis, at the direction of his probation officer.

3.) The defendant shall participate in drug treatment and follow the rules and regulations of that program. The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay a co-pay for treatment not to exceed $25, based on his ability to pay, as determined by the probation officer.

4.) The defendant must submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant must not attempt to obstruct or tamper with the testing methods.

5.) The defendant must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.).

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 6 — Schedule of Payments

DEFENDANT:  Gregory Moore
CASE NUMBER:  1:18cr128-11

Judgment — Page ___6___ of ___7___

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☐    Lump sum payment of $ _____ due immediately, balance due

     ☐    not later than _____ , or
     ☐    in accordance with  ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
          _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
          _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
          term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
          imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☑    The defendant shall forfeit the defendant's interest in the following property to the United States:
     See page 7.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page  7  of  7

DEFENDANT:  Gregory Moore
CASE NUMBER:  1:18cr128-11

## ADDITIONAL FORFEITED PROPERTY

• 89,845.00 in U.S . currency, seized from ODEN at the September 17, 2018, search warrant execution at 258 Earnshaw Avenue, Cincinnati, Ohio;

• $11,000.00 in U.S. currency seized from DIAZ-Gomez at the September 17, 2018 search warrant execution at 569 Hoge Street, Cincinnati, Ohio;

• $2,259.00 in U.S. currency, seized from DIAZ-Gomez on September 17, 2018;

• $6,022.00 in U.S. currency, seized from BLOODWORTH at the September 17, 2018 search warrant execution at 605 Rushton Road, Cincinnati, Ohio;

• $5,000.00 in U.S. currency seized from MURRELL at the September 17, 2018 search warrant execution at 255 Earnshaw Avenue, Cincinnati, Ohio;

• $9,041.00 in U.S. currency seized from MOORE on September 18, 2018;

• 2011 Infiniti, Model: QY80 with VIN: JN8AZ2NE2B9003933 and Ohio license plate HGS2950 seized from Anthony PIDLLIPS on September 17, 2018; and

• 2013 Hyundai, Model: Genesis with VIN: KMHGH4JH2DU070932 and Ohio license plate HIM6312 seized at the September 17, 20] 8, search warrant execution at 258 Earnshaw Avenue, Cincinnati, Ohio.